Filed 3/13/13  P. v. Shepherd CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ANTONIO SHEPHERD,<br><br>Defendant and Appellant. | C070861<br><br>(Super. Ct. No. 11F06154) |

Defendant Michael Antonio Shepherd entered a negotiated plea of no contest to assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)),[1] and admitted using a semiautomatic firearm in the commission of the crime (§ 12022.5, subds. (a), (d)).

Defendant contends on appeal the trial court erred in imposing at sentencing a restitution fine of $1,000, after he "agreed" in connection with his plea to a restitution fine of only $200.  He also contends the abstract of judgment must be amended to reflect the correct enhancement statute.  The People concede that defendant is entitled to the relief he seeks.

---

[1]     Unspecified statutory references are to the Penal Code.

1

BACKGROUND

At the brief change of plea hearing, the prosecutor said little, other than to confirm defense counsel's outline of the disposition; state the factual basis for the plea, a small matter: while a passenger in the backseat of a car, defendant pointed a gun out the rear passenger window and fired several shots at his 15-year-old, pedestrian victim, who was grazed in the leg by a bullet fragment causing three puncture wounds; "join" defense counsel and defendant in the plea; and ask when sentencing would occur.

There is no written plea agreement in the record on appeal, and the minute order of defendant's plea hearing is silent on the matter of restitution fines. However, in response to the court's prompting at the change of plea hearing, defendant acknowledged, in connection with the plea, the court would "order [him to] make restitution for any injuries and also pay various fines and fees, including [a] mandatory restitution fine of $200." The trial court also advised defendant that a different judge would sentence him and if he were ultimately not sentenced in accordance with the plea, he could withdraw his plea.

Apparently ignorant of the plea "agreement," the probation department, in its presentence probation report, recommended imposition of a $2,000 restitution fine, pursuant to section 1202.4, and the imposition of a second restitution fine in the same amount, pursuant to section 1202.45, to be suspended unless defendant's parole is revoked.

At the sentencing hearing before a second judge, the prosecutor made no comment, while defense counsel asked the trial court to "consider reducing" the restitution fine amounts recommended by the probation department to "under a thousand dollars." The trial court reserved imposition of victim restitution and imposed a restitution fine and suspended parole restitution fine in the amount of $1,000, each.

DISCUSSION

Defendant contends on appeal the imposition of $1,000 restitution fines violated his plea agreement. The People, finally, dispute that the $200 restitution fine was a part

2

of the parties' plea agreement, but agree, by virtue of the colloquy at the change of plea hearing, the $200 restitution fines "thereby became part of the bargain."

Thus, it appears, $200 restitution fines became an "agreed" term of the plea agreement by default because, during the plea proceedings, the prosecutor said nothing of plea terms, defense counsel said nothing of restitution fines when outlining plea terms to the court, the judge taking the plea never asked the prosecutor or defense counsel on the record about their silence as to restitution fines, and neither of them spoke up when the court, apparently gratuitously, specified the minimum.

We momentarily deal with defendant's option to withdraw his plea. Because defendant received the admonition pursuant to section 1192.5[2] that he may withdraw his plea if he received a greater sentence than the parties agreed, the Attorney General says defendant forfeited his right to argue on appeal that a restitution fine larger than $200 constituted a violation of his plea agreement. Defense counsel did not claim at sentencing that imposition of the restitution fines violated the plea agreement; instead, he urged the court merely to reduce the probation department's recommended $2,000 restitution fines to some amount "under a thousand dollars." By failing to object in the trial court, defendant has forfeited his right to argue on appeal that the plea agreement was violated.

---

[2]     Section 1192.5 provides in pertinent part: "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea.  [¶]  If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so. . . ."

To avoid the effect of forfeiture, defendant next argues that his trial counsel rendered ineffective assistance by failing to object when the trial court imposed restitution fines of $1,000.  The People agree.

"A meritorious claim of constitutionally ineffective assistance must establish both: '(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, a determination more favorable to defendant would have resulted.  [Citation.]' " (*People v. Holt* (1997) 15 Cal.4th 619, 703, original italics; *Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693]; *People v. Lopez* (2008) 42 Cal.4th 960, 966.)  " 'If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation.  [Citation.]' [Citation.]" (*People v. Gamache* (2010) 48 Cal.4th 347, 391; *People v. Camino* (2010) 188 Cal.App.4th 1359, 1377.)

The parties agree defense counsel should have objected at the sentencing hearing that the $1,000 restitution fines ultimately imposed violated "the" plea agreement.  There appears to be no apparent tactical reason for that failure.  Had defense counsel objected on the ground defendant had "agreed as part of his plea bargain" to restitution fines of $200, the parties suggest the sentencing judge may have given defendant his choice to withdraw his plea or, perhaps, reduced and imposed the $200 restitution fines "anticipated" earlier by defendant without inquiry by the judge, dispute from the prosecutor, or comment by defense counsel.[3]  No tactical basis for defense counsel's

---

[3]   Rather than remand to permit the sentencing judge to exercise his discretion on whether to reduce the restitution fines and, if he does not, whether the defendant would actually withdraw his plea, the Attorney General joins with defendant to ask us to reduce both restitution fines from $1,000 each to $200 each.  We do so for reasons of judicial economy as requested by the Attorney General.

failure to object is discernible from the record. Thus, by his failure to object, both sides agree, defense counsel was prejudicially ineffective.

On a separate subject, the parties here agree the abstract of judgment incorrectly reflects the imposition of two, two-year enhancements, under section 12022.5, subdivisions (a) and (d), respectively. The parties are right, two sentences for a single enhancement are not allowed.

Finally, the abstract of judgment states defendant's conviction and enhancement are as to count one, but the correct count number is count two.

### DISPOSITION

The judgment is modified to reflect a $200 restitution fine (§ 1202.4) and a $200 suspended parole restitution fine (§ 1202.45). The clerk of the superior court is directed to prepare an amended abstract of judgment reflecting these modifications, correct the abstract to reflect the imposition of a single four-year enhancement pursuant to section 12022.5, subdivision (a), correct the abstract to reflect that the conviction and enhancement are as to count two, and forward a copy to the Department of Corrections. In all other respects, the judgment is affirmed.

                                                    NICHOLSON    , J.


We concur:


    RAYE    , P. J.


    BLEASE    , J.

5